# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NANDALALL RAMESHWAR, ARTHUR HOOKS HUMPHREY, CONSUELA RENAE HOOKS and DOROTHY LISA HUMPHREY,**

    **Plaintiffs,**

v.                                                          **Case No: 6:18-cv-1597-Orl-37LRH**

**MINNESOTA LIFE INSURANCE COMPANY,**

    **Defendant.**

## ORDER
### (AND DIRECTION TO CLERK OF COURT)

This diversity jurisdiction breach of insurance contract case originated in this Court with the filing of a Notice of Removal on September 25, 2018. Doc. Nos. 1–2. Since November 20, 2018, counsel for Plaintiffs, George Ollinger, has filed a series of documents stating that he no longer represents Plaintiffs, that a conflict has developed between himself and Plaintiffs such that they can no longer communicate or work together, and that he has advised Plaintiffs on several occasions to retain new representation. *See* Doc. Nos. 30–32, 35, 38, 39. Nevertheless, Attorney Ollinger has never filed a motion or notice of withdrawal as required by Local Rule 2.03(b). Instead, Attorney Ollinger has requested leave to file an amended complaint to substitute the unidentified personal representative for the Estate of Claudia Rameshwar as the named plaintiff in this case. Doc. No. 48.[1]

---

[1] Attorney Ollinger contends that under Florida's Wrongful Death Act, Fla. Stat. § 768.20, the proper named plaintiff is the estate of the decedent, Claudia Rameshwar. Doc. Nos. 35, 38, 48. At no time has

Based on a review of Attorney Ollinger's filings, I set this case for a status conference for April 15, 2019. Doc. No. 46. In the order setting the status conference, I directed Attorney Ollinger to cause a copy of the order to be delivered to each named Plaintiff. *Id.* I further directed Attorney Ollinger to file a notice of compliance with the Court detailing the manner in which such delivery was completed on or before April 12, 2019, at 12:00 p.m. *Id.*[2] Attorney Ollinger failed to comply with my directives and, accordingly, I issued an Order to Show Cause requiring Attorney Ollinger to either file the notice of compliance or show cause in writing why sanctions should not be levied. Doc. No. 49. Attorney Ollinger was given a response deadline of 9:00 a.m. on April 15, 2019. *Id.* Attorney Ollinger also failed to comply with the Order to Show Cause.

I conducted the status conference on April 15, 2019 at 1:00 p.m. as scheduled. Present at the hearing were Attorney Ollinger, named Plaintiffs Nandalall Rameshwar, Arthur Hooks Humphrey, Consuela Renae Hooks, and Dorothy Lisa Humphrey, and counsel for Defendant Daniel R. Lazaro, Esq. Attorney Ollinger had no explanation for his failure to comply with my prior orders—rather he alternatively stated that he did not receive my orders (a representation belied by the fact of his appearance at the status conference) and that he had issues with his email due to moving. I stated on the record that I found Attorney Ollinger's explanations to fall far below the standard of excusable neglect and that I would take the issue of appropriate sanctions under advisement.[3]

---

Attorney Ollinger explained how Florida's Wrongful Death Act applies to a breach of contract claim.

[2] The status conference was originally scheduled for 2:00 p.m. on April 15th. I subsequently entered an amended order changing the time to 1:00 p.m. Doc. Nos. 46, 47. Both orders contained the same directions to Attorney Ollinger.

[3] In fact, Plaintiffs represented that they learned of the status conference from their review of the court docket on pacer.gov.

Turning to the issue of representation of Plaintiffs, upon questioning from the Court, Attorney Ollinger stated that he no longer represents the named Plaintiffs and has not represented them for several months. Rather, he stated that he represents the Estate, which is not a party to this case.[4] I then asked each individual Plaintiff whether he or she wanted Attorney Ollinger to continue in his representation, and each of the individual Plaintiffs responded "no." Therefore, I treated Attorney Ollinger's statement as an oral motion to withdraw as counsel of record for the named Plaintiffs, which was granted ore tenus under Local Rule 2.03(b). Based on the withdrawal of Attorney Ollinger from this case, I also denied Plaintiff's Motion to Replace Above-Named Plaintiffs with Personal Representative (Doc. No. 48) as moot. These rulings are hereby memorialized by this Order.

In accordance with the withdrawal of Attorney Ollinger as well as the statements of the named Plaintiffs at the status conference, going forward Plaintiffs will be responsible for representing themselves as individuals in this lawsuit unless and until counsel enters an appearance on their behalf. This requires the individual Plaintiffs to review the docket in this case and abide by all orders and deadlines set forth therein. It also requires that Plaintiffs familiarize themselves with and abide by the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiffs may view the docket in this case at any United States District Courthouse in the Middle District of Florida. Alternatively, they may create or use an account at pacer.gov to view the docket from any personal computer.

Because Plaintiffs are responsible for representing themselves unless and until new counsel enters an appearance on their behalf, the Court directs their attention to the Court's website,

---

[4] The Estate was originally a named plaintiff, however the Estate was terminated as a party when Attorney Ollinger filed the first and second amended complaints, both of which list the individual Plaintiffs alone. Doc. Nos. 15, 17.

http://www.flmd.uscourts.gov. On the Court's homepage, Plaintiffs can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For litigants" tab and then clicking on "Litigants without Lawyers."

Given the clear conflicts between Attorney Ollinger and the individual Plaintiffs, and in particular Attorney Ollinger's inability to contact the individual Plaintiffs to notify them of their required attendance at the status conference, the Court has serious concerns whether Attorney Ollinger would be able to provide a copy of this Order to the Plaintiffs. In this unusual and unfortunate circumstance, the Court therefore **ORDERS that counsel for Defendant shall cause a copy of this Order to be delivered to each named Plaintiff on or before April 22, 2019.**

Lastly, the Court has serious concerns about the performance of Attorney Ollinger in this case. Despite notifying the Court as early as November 20, 2018 that he no longer represented any Plaintiff, he has continued to file motions and pleadings with the Court, including requests to remove the individual Plaintiffs and replace them with the Estate via a personal representative. Attorney Ollinger was not able to provide an explanation for his behavior. Simply put, when an attorney no longer represents a party in litigation, the proper course of action is to file a notice of withdrawal, not to continue to litigate on behalf of an entity (the Estate) that is not a party to the case. While the Court appreciates counsel's representations that he was acting from a good place and with no malintent towards Plaintiffs, his actions over the past five months fall far below the standard of conduct expected of attorneys who are members of the Middle District of Florida Bar. The Court further finds Attorney Ollinger's explanations for not complying with the Court's prior orders to be woefully inadequate. The Court has considered the panoply of sanctions available, and finds the admonition in this Order to be sufficient at this time. However, as stated during the status conference, Attorney Ollinger is warned that he is to understand and comply at all times with the

Local Rules and orders of this Court. Attorney Ollinger should consider this Order a first, last, and only warning—any future failures to comply with any orders or local rules may subject him to more severe sanctions.

Based on the foregoing, it is **ORDERED** that the oral motion for the withdrawal of Attorney Ollinger from this case is **GRANTED**, and Plaintiff's Motion to Replace Above-Named Plaintiffs with Personal Representative (Doc. No. 48) is **DENIED as moot**. Counsel for Defendant shall cause a copy of this Order to be delivered to each named Plaintiff and file a notice of compliance with the Court detailing the manner in which such delivery was completed on or before **April 22, 2019**. If counsel for Defendant is unable to accomplish delivery by this date, counsel should explain in its notice why delivery was not made.

It is **FURTHER ORDERED** that, on or before **April 29, 2019**, each named Plaintiff—Nandalall Rameshwar, Arthur Hooks Humphrey, Consuela Renae Hooks, and Dorothy Lisa Humphrey—shall file a notice with the Court stating an address, telephone number, and email address (if he or she uses email) at which the Court and Defendant's counsel may contact each individual Plaintiff. The Clerk of Court is **DIRECTED** to immediately terminate Attorney Ollinger from this case once this Order is docketed and the Notice of Electronic Filing for this Order has been sent.

**DONE** and **ORDERED** in Orlando, Florida on April 16, 2019.

*[signature: Leslie R. Hoffman]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Parties