UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NANDALALL RAMESHWAR;
ARTHUR HOOKS HUMPHREY;
CONSUELA RENAE HOOKS; and
DOROTHY LISA HUMPHREY,

    Plaintiffs,

v.                                        Case No. 6:18-cv-1597-Orl-37LRH

MINNESOTA LIFE INSURANCE
COMPANY,

    Defendant.
_____

**ORDER**

Defendant moved, unopposed, for the Court to retain jurisdiction to enforce the parties' settlement and address Attorney George E. Ollinger III's ("**Ollinger**") pending charging lien and retaining lien. (Doc. 66 ("**Defendant's Motion**").) And Ollinger seeks to review the parties' settlement agreement. (*See* Doc. 67 ("**Ollinger's Motion**").) On referral, U.S. Magistrate Judge Leslie R. Hoffman recommends granting Defendant's Motion in part and denying Ollinger's Motion. (Doc. 93 ("**R&R**").) Ollinger objects to the R&R. (Doc. 95.) Defendant responded and filed its own limited objection to the R&R. (Doc. 96.) On review, the Court adopts the R&R in its entirety.

                I.        **BACKGROUND**

On August 1, 2018, Ollinger, on behalf of the Estate of Claudia Rameshwar, filed this case in state court, which Defendant removed here. (Docs. 1, 2.) Plaintiffs Nandallal

Rameshwar, Arthur Hooks Humphrey, Consuela Renae Hooks, and Dorothy Lisa Humphrey were added later in an amended complaint. (Docs. 15, 17.)

On November 20, 2018, Ollinger filed a notice of charging lien and notice of retaining lien. (Docs. 30, 31.) Shortly after, Claudia Rameshwar notified Defendant that Ollinger no longer represented Plaintiffs. (Docs. 39-1, 39-3.) Meanwhile, Ollinger sued some Plaintiffs in state court. (Doc. 39-2.) On April 16, 2019, after a hearing before Magistrate Judge Hoffman where Ollinger said he had not represented Plaintiffs for several months, Ollinger was terminated as Plaintiffs' counsel. (Doc. 51.) Plaintiffs proceeded *pro se* and settled with Defendant after mediation on February 11, 2020. (Doc. 65.)

Defendant filed its Motion as the parties cannot complete their settlement due to Ollinger's pending liens. (Doc. 66.) Then Ollinger moved to see the settlement agreement. (Doc. 67.) Magistrate Judge Hoffman recommends Defendant's Motion be granted in part, finding the liens unenforceable in these proceedings. (Doc. 93.) She also recommends denying Ollinger's Motion without prejudice. (*Id.*) With Ollinger and Defendant's objections (Docs. 95, 96), the matter is ripe.

## II.   LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* When the parties do not object, the Court examines the R&R only for clear error. *See Wiand v. Wells*

*Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

### III.  ANALYSIS

In a one-paragraph objection, Ollinger argues Magistrate Judge Hoffman is "wrong on the facts and law" and should have applied Florida law. (Doc. 95.) Defendant objects to the R&R to the extent it's unclear regarding Defendant's liability after it concludes the settlement with Plaintiffs. (Doc. 96, pp. 2–3.) Let's address each.

#### A.  Ollinger's Objection

Ollinger's objection is woefully inadequate—failing to "specifically identify the portions of the [R&R] to which objection is made." *Macort*, 208 F. App'x at 783 (quotation omitted); (*see* Doc. 95). His objection isn't "sufficiently specific" but rather a "general objection to the report"—so it fails. *See Macort*, 208 F. App'x at 784 (citation omitted). But the Court will address Ollinger's argument that the R&R "should have applied Florida State law." (Doc. 95.)

Ollinger doesn't specify which portion of the R&R should have used Florida law but in the sections reviewing the liens and disbursement of settlement proceeds, Magistrate Judge Hoffman applied Florida law, so Ollinger's objection does not apply. (*See* Doc. 95; *cf.* Doc. 93, pp. 11–17, 18–19.) In determining supplemental jurisdiction over the liens, Magistrate Judge Hoffman used federal law. (Doc. 93, pp. 10–11.) This was appropriate. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378–81 (1994); *Cherry Grp., LLC v. D.B. Zwirn Special Opportunities Fund, L.P.*, No. 3:08-cv-222-J-34PDB, 2014 WL 12691591, at *6 (M.D. Fla. July 16, 2014). And in analyzing Ollinger's entitlement

to see the settlement, Magistrate Judge Hoffman reviewed the authority Ollinger cited, which was all federal. (Doc. 93, pp. 17–18; Doc. 87, pp. 18–19.) It's a stretch for Ollinger to now argue Magistrate Judge Hoffman should have applied Florida law. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (explaining "a district court has discretion to decline to consider a party's argument when the argument was not first presented to the magistrate judge"). And the objection is unavailing—courts apply federal law when determining the discovery of settlement agreements. *See Virtual Studios, Inc. v. Royalty Carpet Mills, Inc.*, No. 4:12-CV-0077-HLM, 2013 WL 12090122, at *4 (N.D. Ga. Dec. 23, 2013). Having reviewed each section of the R&R, the Court finds no error and overrules Ollinger's objection.

      **B.    Defendant's Objection**

Defendant objects to the R&R to the extent its liability is unclear after the disbursement of settlement proceeds to Plaintiffs—pointing to Magistrate Judge Hoffman's recommendation that Ollinger's entitlement to fees may be addressed in a separate action. (Doc. 96, pp. 2–3.) Defendant asks the Court to clarify Ollinger is precluded from seeking relief against it regarding the liens. (Doc. 96, p. 3.) It seeks this clarification because under its reading of Florida law, it may be labile to Ollinger after disbursing settlement proceeds to Plaintiffs. (Doc. 66, p. 3; Doc. 96, p. 3 (citing *Brown v. Vermont Mut. Ins. Co.*, 614 So. 2d 574, 580–81 (Fla. 1st DCA 1993)).) But Defendant has cited no authority the Court has the power to make such a determination. (*See* Doc. 96, pp. 2–3.)

The Court has determined Ollinger's liens are not enforceable in this proceeding,

but whether Ollinger sues Plaintiffs in a separate action for attorney's fees to attempt to hold Defendant liable for Plaintiffs' fees, is beyond the Court's purview. *See Noblet v. Ditchwitch Trencher of Fla., Inc.*, No. 6:01-cv-845-Orl-KRS, Doc. 56, pp. 1–2 (M.D. Fla. Oct. 10, 2002) (finding lien unenforceable and explaining dispute between the attorney and the plaintiff can be addressed in separate action); *Montpellier Farm, Ltd. v. Crane Envtl., Inc.*, No. 07-22815-CIV, 2009 WL 722238, at *6 (S.D. Fla. Mar. 18, 2009) (same); *Scutieri v. Estate of Revitz*, 829 F. Supp. 387, 392 (S.D. Fla. 1993) (same). So Defendant's objection is overruled.

## IV.   CONCLUSION

Having reviewed the portions of the R&R objected to *de novo* and the rest for clear error, the Court finds no error and adopts the R&R in its entirety.

It is **ORDERED AND ADJUDGED**:

1. U.S. Magistrate Judge Leslie R. Hoffman's Report and Recommendation (Doc. 93) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. Defendant's Unopposed Motion for Court to Retain Jurisdiction to Enforce Settlement and to Address the Pending Charging Lien and Retaining Lien (Doc. 66) is **GRANTED IN PART AND DENIED IN PART**:

    a. Ollinger's retaining lien (Doc. 31) and charging lien (Doc. 30) are not enforceable in proceedings before this Court;

    b. In all other respects, the Motion is **DENIED**.

3. Ollinger's Motion as Lienor to See Settlement Agreement, Release, Mediation Agreement and Motion for Attorney Fees (Doc. 67) is **DENIED**

**WITHOUT PREJUDICE**.

4. This case is **DISMISSED WITH PREJUDICE** under Local Rule 3.08(b) subject to the right of any party to move the court within sixty (60) days thereafter for the purpose of entering a stipulated form of final order or judgment; or, on good cause shown, to reopen the case for further proceedings.

5. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 23, 2020.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record